■ RUDOLPH HALL et al., Appellants, v ANITA DAVIS et al., Respondents. [974 NYS2d 125]—

In an action to recover damages for personal injuries, the

plaintiffs appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated November 14, 2012, which granted the motion of the defendants PTM Management and Kevin Barnes for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Roberto Ramos on the ground that Roberto Ramos did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident and that branch of the separate motion of the defendants Anita Davis and New York City Transit Authority which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Roberto Ramos on the ground that Roberto Ramos did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the appeal by the plaintiff Rudolph Hall is dismissed, as he is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed on the appeal by the plaintiff Roberto Ramos, on the law, and the motion of the defendants PTM Management and Kevin Barnes for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Roberto Ramos and that branch of the separate motion of the defendants Anita Davis and New York City Transit Authority which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Roberto Ramos are denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Roberto Ramos.

The several defendants, moving separately but relying on the same evidence and arguments, failed to meet their prima facie burden of showing that the plaintiff Roberto Ramos did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address Ramos's claim, set forth in the bill of particulars, that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary activities for not less than 90 days during the 180 days immediately following the subject accident (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Since the defendants did not sustain their prima facie burden on their respective motions, it is unnecessary to determine whether the papers submitted by Ramos in opposition were suf-

ficient to raise a triable issue of fact (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied the summary judgment motion of the defendants PTM Management and Kevin Barnes and that branch of the separate motion of the defendants Anita Davis and New York City Transit Authority which was for summary judgment dismissing the complaint insofar as asserted against them by Ramos. Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.